IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**DARREN KROSSMAN**,

      Plaintiff,　　　　　　　　　　　　　　　No. 6:14-cv-01870-MO

        v.　　　　　　　　　　　　　　　OPINION AND ORDER

**CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration**,

      Defendant.


      **MOSMAN, J.**,

      Darren Krossman challenges the Commissioner's decision denying his claim for

Supplemental Security Income ("SSI"). I have jurisdiction under 42 U.S.C. § 405(g) and now

remand for further proceedings.

## PROCEDURAL BACKGROUND

      On August 24, 2010, Mr. Krossman filed for an application for SSI.  The application was

denied.  An administrative law judge ("ALJ") held a hearing on March, 28, 2013. On April 18,

2013, the ALJ issued her decision denying the claim.

## THE ALJ'S FINDINGS

The ALJ made her decision based upon the five-step sequential process established by the Commissioner. *See Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987); 20 C.F.R. §§ 404.1520, 416.920 (establishing the five-step evaluative process for DIB and SSI claims). The ALJ discounted the opinion of Mr. Krossman's treating physician and determined Mr. Krossman was eligible for jobs that required Level 3 reasoning.

## STANDARD OF REVIEW

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and the ALJ's findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).  The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The reviewing court may not substitute its judgment for that of the Commissioner.  *Robbins*, 466 F.3d at 882.

## DISCUSSION

Mr. Krossman presents four issues on appeal:

1. Did the ALJ provide specific and legitimate reasons for discounting the conclusions of Mr. Krossman's treating physician?
2. Did the ALJ properly assess Mr. Krossman's subjective complaints of pain?
3. At step five, did the ALJ err by failing to include all of Mr. Krossman's limitations?
4.  At step five, was the ALJ's error in failing to reconcile the requirement of Level 3 reasoning with Mr. Krossman's limitations harmless?

Each is addressed below.

**I.     The ALJ did not provide specific and legitimate reasons for discounting the conclusions of Mr. Krossman's treating physician**

Dr. Rowley, a treating physician of Plaintiff's, opined that Mr. Krossman would miss four of more days of work per month as a result of his impairments and noted Mr. Krossman's ability to concentrate was impaired by pain.  This testimony, if credited, would likely require the ALJ to find that Plaintiff is disabled.  The ALJ rejected this part of  Dr. Rowley's opinion, stating "I find this is not supported by the findings on examination, level of treatment, diagnostic imaging or the claimant's own reported symptoms." (Tr. at 27.)

In rejecting a treating or examining doctor's opinion which is contradicted by another doctor's opinion, an ALJ must provide specific and legitimate reasons that are supported by substantial evidence. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).  Here, the ALJ has not provided specific reasons.  Taken together, her explanation could encompass the entire record.  The government, in its brief, combed through the record and provided several specific examples of conflict with Dr. Rowley's opinion.  However, these are post hoc explanations with which the ALJ may or may not agree.  While an ALJ need not restate everything, slightly more care is required to reach the "specific and legitimate" standard.   In light of the lack of specificity, I remand for further explanation.

**II.     Plaintiff's subjective complaints were not properly assessed**

Plaintiff argues the ALJ neither discredited his complaints of pain nor reconciled his pain with his mental impairment. I find the ALJ did have substantial evidence to question Plaintiff's credibility, but she should have developed the record further as to any potential connection between his pain and mental impairment.

a.  <u>Credibility</u>

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *See Bunnell v. Sullivan,* 947 F.2d 341, 345–46 (9th Cir. 1991) (*en banc*). The ALJ may consider at least the following factors when weighing the claimant's credibility: "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimaint's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Light v. Soc. Sec. Admin*., 119 F.3d 789, 792 (9th Cir. 1997).  If the ALJ's credibility finding is supported by substantial evidence in the record, I may not engage in second-guessing. *See Morgan v. Comm'r of Soc. Sec. Admin*., 169 F.3d 595, 600 (9th Cir. 1999).

The ALJ found "the medical evidence does not document the persistence or intensity of symptoms to the degree he alleges." (Tr. at 26.)   The ALJ properly considered Plaintiff's daily activities and testimony from physicians and third parties concerning Plaintiff's conditions. There was substantial evidence to conclude that Plaintiff's subjective complaints were not entirely credible.

b.  <u>Mental impairment and pain</u>

Plaintiff next argues that the ALJ erred in failing to develop the record.  SSR 96-79 states:

"The adjudicator must develop evidence regarding the possibility of a medically determinable mental impairment when the record contains information to suggest that such an impairment exists, and the individual alleges pain or other symptoms,

but the medical signs and laboratory findings do not substantiate any physical impairment(s) capable of producing the pain or other symptoms."

SSR 96-79, fn. 3. Plaintiff has met the requirements of the statute and the language of the statute is clear.  On remand, the adjudicator must develop evidence about possible mental impairments that would cause Plaintiff's pain.

**III.    The inclusion of all of Plaintiff's limitations in vocational assessment**

Plaintiff argues the ALJ did not consider his pain when outlining his functional capacity. Defendant argues because the ALJ did not include all of the claimant's limitations, the vocational expert's testimony has no evidentiary value.   As Plaintiff's subjective complaints of pain are in question in light of my ruling above, the question is mooted until the ALJ further develops the record.

**IV.    Conflict between vocational testing and job requirements**

Plaintiff alleges the jobs the ALJ identified, all of which required Level 3 reasoning, conflict with his limitation to simple, routine, or repetitive work.   The Ninth Circuit has found a conflict between a claimant's requirement for simple, routine, or repetitive work and a Level 3 reasoning requirement. *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). The Commissioner agrees the ALJ erred by not resolving the conflict, but suggests the error was harmless.

In *Zavalin,* the court found a special education high school graduate with success in math presented a "mixed record."  In particular, the Ninth Circuit was concerned about jobs "that contain situational variables that may not be simple or repetitive." *Id.* at 848. The Court found harmless error was precluded by the combination of the plaintiff's mixed record and potential jobs with situational variables.

Here, Plaintiff has a tenth-grade education; his communication skills are "quite adequate"; and he was able to read and write, although with a "hard time in school spelling."

5 – OPINION AND ORDER

(Tr. at 24; 227.)  He is "not very good" with paper work. (Tr.at 227.)  The ALJ found Plaintiff

had mild difficulties in social functioning and moderate difficulties in concentration, persistence,

and pace.  (Tr. at 24.)  Based on these attributes, Mr. Krossman presents a "mixed record."  As in

*Zavalin*, Mr. Krossman's potential jobs have situational variables that may not be simple and

repetitive.  The ALJ found Mr. Korssman could be an account clerk, order clerk, or call-out

operator.  An account clerk needs to assemble credit information and review that information.

So too does a call-out operator.  An order clerk's duties include social interaction to take

different orders and record those orders on a ticket.  They seem to present variable situations and

ones that may lean on Plaintiff's difficulties in concentration, persistence, or pace; poor spelling;

and weakness with paper work.  The vocational expert needs to be asked to reconcile these

apparent conflicts and the ALJ should then determine if the reconciliation is reasonable.  I

remand so this can happen.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is remanded for further

proceedings below.

IT IS SO ORDERED.

DATED this  3rd    day of February, 2016.

/s/ Michael W. Mosman
_____
MICHAEL W. MOSMAN
United States District Court